**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.: 3:07CV00276**

| | |
|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUPERIOR CONSTRUCTION CORPORATION, )<br>)<br>Defendant. ) | **CONSENT PROTECTIVE ORDER** |

Upon the agreement and motion of Superior Construction Corporation ("Superior") and Amerisure Mutual Insurance Co. ("Amerisure"), the Court finds that discovery in this action involves the disclosure of confidential information and documents. Accordingly, pursuant to the consent of the parties hereto,

IT IS ORDERED THAT:

1.      On and after the date of this Consent Protective Order, all documents and information produced or disclosed by any party during the course of discovery (whether formal or informal) related to previous settlements made between Superior and other parties not appearing in this action, and that are designated as "Confidential" shall be used only for the purposes of this lawsuit, as further defined below. For the purpose of this Order, the term "documents" shall mean records produced by any party for inspection in any form in this litigation including, but without limitation, printed matter, electronic media, and physical things. For the purpose of this Order, the term "information" includes any information received or learned during this litigation from any party

including, but without limitation, information contained in documents and deposition testimony.

2.　　The terms of the Consent Protective Order shall also apply to transcripts of depositions taken by any of the parties, of all witnesses, including experts and any present or past employees of any party to the extent that such testimony relates to any documents or information subject to this Order and to any data, documents, or other material designated as "Confidential" that may be produced by any such witness during such deposition.

3.　　Documents that are either confidential or proprietary in nature may be designated as "Confidential."  Except on further order of this Court or by express written consent of counsel for all parties, the documents and information designated as "Confidential," received in this action by any party, and any copies, extracts, or summaries of such documents and information, shall not be disclosed to any person other than (a) members or employees of Superior and Amerisure's trial counsels' firms, who are engaged in the preparation for or the trial of this action; (b) this Court or any other court before which this litigation is pending, including any court personnel, under seal as stated below; (c) with respect to a particular item of information or a particular document, persons who prepared or assisted in the preparation of that item or document, or persons to whom the item or document or a copy thereof was addressed and delivered; (d) any other designated person upon the prior written consent of the party or person producing the information, or upon order by the Court; and (e) any other persons if required by law.

4.　　Except as otherwise provided below or upon order by the Court, documents or information designated by Superior as "Confidential" may not be delivered to, inspected by, or otherwise disclosed to any government agency, or employees or agents thereof, other than personnel privileged to receive the documents pursuant to the preceding paragraphs.

5.　　Any person to whom documents or information subject to this Order is disclosed -

other than the parties, trial counsel and employees of their firms, auditors, court reporters, and court personnel - shall, prior to disclosure, be required by the disclosing party to read this Order and agree, in writing or on the record at a deposition or trial in this action, to be bound by terms of this Order and to subject himself/herself to the jurisdiction of this Court for the purpose of contempt proceedings if he/she violates this Order. Such person shall execute, or agree on the record to be bound by, an agreement in the form attached hereto as Exhibit A prior to being shown or reviewing any information or documents subject to this Order. Counsel for the party disclosing the information or documents subject to this Order shall maintain these written certifications, and they shall be available to opposing counsel for inspection upon request.

7.     In the event that any party receiving information or documents subject to this Order (a) is subpoenaed in another action; (b) is served with a discovery demand or request in another action; or (c) is served with any other legal process by one not a party to this litigation, seeking documents or information subject to this Order, the party receiving such subpoena, demand, request, or other legal process shall (1) give prompt written notice of such to the party that produced the documents or information, or, in the case of a deposition transcript or witness interview, the party that initiated the deposition or interview, and (2) object to the production of and decline to produce the documents or information by setting forth the existence of this Order. Nothing herein, however, shall be construed as requiring the party that received such documents or information to subject himself/herself to any penalties for noncompliance with any legal process or order, or to prevent the party from affirmatively seeking relief from the Court.

8.     In the event that it becomes necessary in the judgment of counsel for any party to make use of or disclose documents or information subject to this Order other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon

further order of this Court.

9.     Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise, counsel of record for each party receiving documents and information shall, upon request, return to the producing party all such documents and information subject to this Order and all notes, memoranda, copies, abstracts, excerpts, or other parts relating to such documents and information within sixty (60) days, except that all materials constituting work-product or attorney-client privilege of such counsel shall be destroyed by the party in possession, provided that if counsel or any party is required to retain documents and information subject to this Order for a longer period, then such materials will be stored pursuant to reasonable security measures and be destroyed in the normal course of business.

Nothing in this paragraph shall require the removal from the Court's file of any pleading or other paper submitted to this Court during the pendency of this litigation. However, documents filed under seal with the Court and bearing the appropriate notation shall, at the conclusion of the litigation, remain permanently sealed by the Court.

10.     Nothing in this Order shall be construed as an admission as to relevance, authenticity, foundation, or admissibility of any document or information, and the parties shall not be deemed to have waived any objection or other response to the use of documents or information subject to this Order.

11.     Nothing in this Order shall restrict or limit any party or its attorney and agents from using in any manner whatsoever (a) its own documents or information, or (b) documents or information obtained in a lawful manner and outside of the discovery between the parties in this action.

12.     Nothing in this Order shall preclude any party from seeking and obtaining, upon an

appropriate showing, additional protection with respect to the use, disclosure, or confidentiality of documents or other information.

13.     The obligation to maintain confidentiality, as described herein, shall be in force and continued at all times prior and subsequent to the entry of this Court's final judgment in this action.

14.     This Court shall retain jurisdiction of all matters pertaining to this Consent Protective Order, and each person signing this Order agrees to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

**SO ORDERED**.

Signed: November 15, 2007

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge

CONSENTED TO BY:
/s/ Daniel R. Hansen
_____
Daniel R. Hansen
Shumaker, Loop & Kendrick, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202

/s/ Tracy L. Eggleston, Esq.
_____
Tracy L. Eggleston, Esq.
Cozen O'Connor
301 South College Street, Suite 2100
Charlotte, NC  28202

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:07CV00276**

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) ) | |
| SUPERIOR CONSTRUCTION CORPORATION, | ) ) ) | |
| Defendant. | ) | |

I have been advised that documents and information designated as "Confidential" are only to be reviewed by me, and the contents thereof may not be disclosed to third parties; that the documents or information must remain in my custody until returned to counsel; that the documents or information are being disclosed pursuant to the terms, conditions, and restrictions of a Consent Protective Order, which I have reviewed, and that I may not use the documents, information, or contents thereof except for the purpose of this action and as permitted by the Consent Protective Order or further order of the Court.

I agree to the above conditions and further agree to submit to the Court's jurisdiction for the purpose of enforcing the Consent Protective Order.


By: _____     _____

  Name                                      Date