# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:07-cr-00276-W

| | |
|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) SUPERIOR CONSTRUCTION CORPORATION, ) ) ) Defendant. ) ) | ORDER |

THIS MATTER is before the Court on Defendant's Motion for Reconsideration (Doc. No. 33) of this Court's prior order denying Defendant's Motion for Summary Judgment.

The gravamen of Defendant's motion is that a jury need not decide whether Plaintiff conducted a reasonable investigation into the allegations of the Underlying Complaint because the Underlying Complaint, on its face, triggered a duty to defend. During Plaintiff's oral argument, the Court stated that the allegations in the Underlying Complaint appeared to be remarkably *specific* and detailed, not *vague* as Defendant suggests in the instant motion. In the Court's order denying summary judgment, the Court ruled, "At initial glance, it may appear from the bare allegations that Plaintiff did not have a duty to defend." (Doc. No. 32, p. 6.) Although the Court used the phrase "may" and did not explicitly decide the issue within the order, it is implied in the Court's analysis and ultimate ruling following this statement that the bare allegations of the Underlying Complaint were not sufficient, without further investigation, to trigger a duty to defend. Therefore, the Court clarifies, for the record, the following: No claim is stated on the face of the Underlying Complaint

that would trigger a duty to defend because all of the allegations contained therein concern improper construction by the defendants in that action, which, as the Court previously ruled, did not constitute "property damage" under the Policy. This conclusion is further demonstrated by Defendant's own recognition that it did not immediately learn of the damage to the upgraded condominiums upon initial service of the Underlying Complaint, but instead discovered it much later in the course of the Underlying Litigation.

Secondly, Defendant argues that the conflicting evidence regarding Plaintiff's investigation into the allegations of the Underlying Complaint does not create a question of fact to be resolved by the jury. Defendant states that it is unable to find a case in North Carolina to support such a ruling. The Court's review of relevant case law interpreting North Carolina law, however, indicates several cases where a jury, or the judge sitting as fact finder and not as arbiter of a dispositive motion, has resolved disputes of fact regarding whether the insurer breached a duty to defend. See ABT Building Products Corp. v. National Union Fire Ins. Co. Of Pittsburgh, 472 F.3d 99 (4th Cir. 2006) (applying North Carolina law and affirming jury verdict addressing several issues, including whether the insurer had breached duty to defend); Stanback v. Westchester Fire Ins. Co., 314 S.E.2d 775 (N.C. App.1984) (affirming trial court's factual finding, after bench trial, regarding the defendant's duty to defend). In ABT Building Products, the jury was presented with and decided the specific issue: "Did [the insurer] fail to make a reasonable investigation of the damages claimed in the homeowner lawsuits against [the insured] or the coverage provided for those claims under the [insurer's] policy?" 472 F.3d at 111 n. 16. This issue is identical to the dispute at bar, which the Court has ruled will be decided by a jury.

THEREFORE, Defendant's Motion for Reconsideration (Doc. No. 33) is DENIED except to the extent the original order is clarified herein.

IT IS SO ORDERED.

Signed: August 20, 2008

Frank D. Whitney
United States District Judge